IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY SMITH DEDONNO | ) | CASE NO. 1:10CV0490 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| DICK AMBROSE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Gregory Smith DeDonno brings this action under contract law against Defendant Cuyahoga County, Ohio Common Pleas Court Judge Dick Ambrose. The Clerk of Court treated this action as filed under the Civil Rights Act of 1871, 42 U.S.C. § 1983. He contends that this is actually an action for breach of contract and has filed a Motion to Correct Docket to rectify the Court's erroneous and unauthorized action. (ECF 6). The Court finds that Plaintiff may place his action in the category of his choice. Thus, the Motion to Correct Docket will be granted.

Plaintiff alleges that on September 22, 1998, he entered into a guilty plea in Cuyahoga County Common Pleas Court. Ten or twelve years later the contract was breached when its terms were changed in violation of R.C. 2943.032(E) by not following the mandatory post-release control requirements, thereby rendering his plea unenforceable, null and void and amounting to false imprisonment. Plaintiff requests damages in the amount of $480,000.00 and invalidation of the plea agreement.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167  * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The Sixth Circuit Court of Appeals has held that a plea agreement is a contract, and the interpretation of its terms is therefore governed by contract-law principles. *United States v. Debreczeny* ,69 Fed.Appx. 702, 706 (6th Cir. 2003) (citing *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986)). However, unlike ordinary contracts, a plea agreement must comply with due process. *Id*. at 707. *See Ricketts v. Adamson,* 483 U.S. 1, 16 (1987) (plea agreements must be construed in light of the rights and obligations created by the Constitution).

If this case is to be considered under contract law, Ohio law must control. Contracts are governed by state law and Plaintiff asserts that an Ohio statute was violated. A district court may have jurisdiction over state law contract cases only under 28 U.S.C. 1332(a) which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

Plaintiff is a resident of Ohio as is Judge Ambrose. Therefore, diversity of citizenship does not exist. Thus, this Court has no jurisdiction over Plaintiff's contract case.

The facts set forth in the original and Amended Complaints show, as the Clerk of Court believed, that Plaintiff could have attempted to bring this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. This would have been the proper statute to use to raise a due process claim. However, the allegations set forth in the Complaint clearly challenge the validity of Plaintiff's

2

conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his confinement. *Id*.

The present case is clearly an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this Court on the issues he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Further, Judge Ambrose is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). No facts have been alleged that reasonably suggest that this Defendant acted outside the scope of his official duties. Judge Ambrose was definitely acting within the scope of his official duties in presiding over Plaintiff's court case.

Accordingly, Plaintiff's Motion to Correct Docket is granted. (ECF 6). For the reasons set

forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: May 24, 2010                               *s/      James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE